FILED

07/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 19-0122

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 183N

IN THE MATTER OF:

R.R.S., and A.D.S.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DN 14-22
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Dana A. Henkel, Terrazas Henkel, P.C., Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

      Kent M. Sipe, Fergus County Attorney, Lewistown, Montana

Submitted on Briefs: June 3, 2020

Decided: July 21, 2020

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     R.S. (Father) appeals the Tenth Judicial District Court's orders terminating his parental rights to his two children, R.S.S. and A.D.S. We affirm.

¶3     Father and N.O. (Mother) are the birth parents of R.S.S. and A.D.S. In July 2016, the Montana Department of Public Health and Human Services, Child and Family Services Division (the Department) removed the children from the family home following a report of the parents' domestic violence in the presence of the children. This was not the first contact between the parents and the Department; they had a substantial history that included multiple reports to the Department regarding the parents' domestic violence, drug use, and neglect of the children. The Department had received multiple reports in the year prior to the children's removal from the home, and the parents had entered voluntary agreements with the Department to improve the children's home lives. The Department had filed a dependent-neglect case in 2014, which eventually was dismissed. Following the July 2016 domestic violence incident, the Department filed a petition for emergency protective services, adjudication of the children as youths in need of care, and temporary legal custody.

2

¶4 The District Court adjudicated the children as Youths in Need of Care on December 6, 2016. Father stipulated to a treatment plan on January 4, 2017, and stipulated to a second treatment plan on September 21, 2017.

¶5 Under the terms of Father's treatment plans, he committed to remain free from drug and alcohol use, including submitting to drug and alcohol testing, and committed to provide an appropriate and safe dwelling for himself and for R.S.S. and A.D.S. He committed, in the later treatment plan, to refrain from any and all illegal activities.

¶6 The Department petitioned for termination of Father's parental rights on January 23, 2018. The hearing was continued several times and held a year later, on January 2 and 3, 2019. Concluding that Father had failed his treatment plans and that his conduct was unlikely to change within a reasonable time, the District Court granted the Department's petition for termination. Father appeals.

¶7 We review a district court's termination of parental rights for abuse of discretion. *In re A.L.P.*, 2020 MT 87, ¶ 12, 399 Mont. 504, 461 P.3d 136. Parenting a child is a parent's fundamental liberty interest. *In re A.L.P.*, ¶ 13. A district court must address adequately each applicable statutory requirement before terminating a parent's parental rights. *In re A.L.P.*, ¶ 13. We review a district court's factual findings for clear error and its conclusions of law for correctness. *In re A.L.P.*, ¶ 12.

¶8 Under the statutory criteria relevant to this case, a district court may not terminate a parent's rights unless it finds by clear and convincing evidence that a child is a youth in need of care, that an appropriate court-approved treatment plan was not complied with by the parent or was not successful, and that the conduct or condition rendering the parent

3

unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA; *In re A.L.P.*, ¶ 14. A parent's partial or substantial compliance with a treatment plan is insufficient to avoid termination of parental rights, and a district court may find a treatment plan unsuccessful even if a parent has completed all of the tasks required under the plan. *In re A.L.P.*, ¶ 15.

¶9 The Department must make "'reasonable efforts to . . . reunify families that have been separated by the state.'" *In re C.M.*, 2019 MT 227, ¶ 16, 397 Mont. 275, 449 P.3d 806 (internal citations omitted). "[W]hether the Department made reasonable efforts is not, itself, a required finding for termination[.] Though not appealable on its own, the issue may be addressed as part of an appeal from the requisite statutory findings." *In re C.M.G.*, 2020 MT 15, ¶ 13 n.3, 398 Mont. 369, 456 P.3d 1017 (internal citations omitted).

¶10 Father first argues that the District Court violated his rights by allowing the guardian ad litem (the GAL) to cross-examine witnesses in a manner intended, without proper authority, to advocate for the termination of Father's parental rights. An appellant must raise an objection in the district court to preserve it for appeal. *In re A.N.W.*, 2006 MT 42, ¶ 41, 331 Mont. 208, 130 P.3d 619. As Father did not raise a challenge to the GAL's cross-examination at the termination hearing before the District Court, this Court will not review his challenge to the GAL's cross-examination.[1]

---

[1] On December 18, 2019, this Court denied the motion of Father's counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), identifying the GAL's participation as one of two potential nonfrivolous appeal issues. A nonfrivolous argument, however, does not necessarily develop into a prevailing argument. We conclude, upon review of the record and the

4

¶11 Father also argues that the District Court abused its discretion because the Department did not make reasonable efforts to reunify Father with the children, an argument he did not expressly make at the termination hearing, although he testified to his frustration with the Department's efforts. Father raises his reasonable efforts argument as a stand-alone issue on appeal. He cites no case in which this Court has reversed termination of parental rights on the ground solely that the Department did not provide reasonable efforts, independent of the issue whether "the conduct or condition rendering a parent unfit, unwilling, or unable to parent is unlikely to change within a reasonable time—one of the factors required for termination of a parent's rights." *In re R.J.F.*, 2019 MT 113, ¶ 26, 395 Mont. 454, 443 P.3d 387 (citing § 41-3-609(1)(f)(ii), MCA). *See also In re C.M.G.*, ¶ 14, (noting that "a parent may challenge the State's contention that the conduct or condition rendering the parent unfit is unlikely to change within a reasonable time, by arguing that the [D]epartment failed to make reasonable efforts") (citing *In re R.J.F.*, ¶ 26; *In re C.M.*, ¶ 22 (discussing *In re R.J.F.* and stating, "In other words, a conclusion that a parent is unlikely to change could be called into question if the Department failed to make reasonable efforts to assist the parent.")). Father does not otherwise challenge the District Court's holding that the conduct or condition rendering him unfit is unlikely to change within a reasonable time.

---

argument, that Father's reliance on *In re J.D.*, 2019 MT 63, 395 Mont. 141, 437 P.3d 131, is misplaced. *J.D.* involved a court-appointed special advocate who cross-examined witnesses in a case in which the child was represented by counsel; in this case, the children were not separately represented by counsel.

¶12 Father has failed to show clear error in the District Court's findings when it determined that the statutory criteria for termination of his parental rights were met. Father failed to comply with his treatment plans, including failing his alcohol and drug testing requirements. While the treatment plans were in effect, Father tested positive for alcohol numerous times and tested positive for methamphetamine usage that demonstrated multiple ingestions. Also while the treatment plans were in effect, Father continued a relationship with Mother and allowed Mother into his home, resulting in conflict between Father and Mother and leading to law enforcement responding to his home on numerous occasions. The District Court's finding that Father's conduct regarding his drug and alcohol use and conflict with Mother was unlikely to change within a reasonable time is supported by substantial record evidence, and it committed no error of law.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We conclude that the District Court did not abuse its discretion in terminating Father's parental rights to R.S.S. and A.D.S. Its judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ JIM RICE

6